**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 13 2012, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| URIAH S. SWELFER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1205-CR-260 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause No. 45G02-0902-FB-16

**December 13, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Uriah Swelfer appeals his seven-year sentence for two counts of Class C felony battery and one count of Class D felony criminal mischief. We affirm.

**Issue**

Swelfer raises one issue, which we restate as whether his seven-year executed sentence is inappropriate.

**Facts**

On September 27, 2008, Swelfer was at his home with his brother, Aaron Swelfer, and several other people, including Colleen Hanley. Jonathan Cox and Jonathan Jatho went to the Swelfer home to pick up Hanley. Cox and Aaron got into an argument and began to fight. Eventually, all of the men present, including Swelfer, got into a fight. During the fight, Aaron knocked Jatho unconscious, and Swelfer kicked and stomped Jatho in the head multiple times as he lay on the ground. Swelfer hit Cox's vehicle with a hammer, damaging the hood, trunk, and taillights.

Swelfer was charged with one count of Class B felony aggravated battery, five counts of Class C felony battery, and one count of Class D felony criminal mischief. On February 16, 2002, Swelfer agreed to plead guilty to one count of Class C felony battery relating to Jatho, one count of Class C felony battery relating to Cox, and one count of Class D felony criminal mischief. The plea agreement called for the sentences to be served concurrently and for the State to dismiss the remaining charges.

After a sentencing hearing, the trial court found Swelfer's criminal history and violent personality to be aggravators and his guilty plea to be a mitigator. Although the

trial court considered his guilty plea as a mitigator, it declined to consider Swelfer's mental health issues as mitigating. The trial court sentenced him to seven years on each of the Class C battery charges and to two years on the Class D felony criminal mischief charge. The trial court ordered the sentences to be served concurrently for a total sentence of seven years, and the sentence was statutorily required to be served consecutively to another unrelated sentence. Swelfer now appeals.

**Analysis**

Swelfer argues that his sentence is inappropriate in light of the nature of the offense and his character.[1] Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement

---

[1] The State suggests that Swelfer challenges his sentence as an abuse of discretion and as being inappropriate. We believe, however, that Swelfer's assessment of the weight that should be given to his mental health and criminal history are in the context of our review of his sentence for appropriateness and not a separate challenge to the trial court's exercise of its discretion.

of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

Swelfer argues that his character does not warrant the seven-year sentence namely because of his mental health issues and because his criminal history is mostly unrelated to the current offense. We are not persuaded. Although the pre-sentence investigation report indicates that Swelfer was diagnosed with "[a]djustment disorder with depressed mood" after a 2007 fight that left him blind in one eye, in the same report, Swelfer denied suffering from any mental health conditions. App. Vol. II p. 96. The report also indicates that therapy sessions were discontinued because Swelfer did not keep scheduled appointments or respond to letters. Further, as the trial court pointed out at the sentencing hearing, no expert testimony was offered at the sentencing hearing linking Swelfer's purported depression to the commission of this offense. As such, contrary to Swelfer's assertion, we cannot conclude that Swelfer's mental condition should be

4

considered a significant mitigating circumstance in evaluating the appropriateness of his sentence.

Likewise, we are not persuaded that Swelfer's criminal history reflects positively on his character. Swelfer's criminal history includes multiple juvenile adjudications and misdemeanor convictions and three felony convictions. Even if much of his criminal history is alcohol-related, his criminal history apparently involved the battery of two police officers. At the very least, Swelfer's criminal history shows a repeated disregard for the law and does not reflect positively on his character. Finally, although Swelfer did plead guilty, several charges, including a Class B felony battery charge, were dismissed in exchange for his guilty plea. In sum, Swelfer has not convinced us that his character warrants revision of his sentence.

Moreover, the nature of this offense is particularly egregious. Swelfer kicked and stomped on Jatho multiple times as he lay unconscious on the ground. According to Jatho's mother's testimony at the sentencing hearing, Jatho's face was "no longer attached to his skull," and he had to undergo a seven and half-hour surgery during which five titanium plates were placed in his face permanently. Tr. p. 7. Based on the nature of the offense and Swelfer's character, he has not established that the seven-year executed sentence for two counts of Class C felony battery and one count of Class D felony criminal mischief is inappropriate.

## Conclusion

Swelfer has not established that his seven-year sentence is inappropriate. We affirm.

5

Affirmed.

BAKER, J., and RILEY, J., concur.